**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 25-6563**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

PATRICK ALBERT BYERS, JR.,

        Defendant – Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:08-cr-00056-RDB-1)

───────────────

Submitted:  March 6, 2026                                Decided:  March 30, 2026

───────────────

Before KING, AGEE, and HARRIS, Circuit Judges.

───────────────

Vacated and remanded with directions by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Brent Evan Newton, Gaithersburg, Maryland, for Appellant.  Kelly O. Hayes, United States Attorney, Jason D. Medinger, First Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Albert Byers pursues an appeal from the District of Maryland's orders denying his 2016 "Motion for Request of Discovery," which the district court construed as a motion for relief under Federal Rule of Civil Procedure 60(b). *See United States v. Byers*, No. 1:08-cr-00056 (D. Md. Dec. 22, 2022), ECF Nos. 562 & 563; *United States v. Byers*, No. 1:08-cr-00056 (D. Md. July 7, 2025), ECF No. 594. In that regard, we have carefully reviewed the record on appeal and conclude that, notwithstanding the well-seasoned district judge's Rule 60(b) characterization, Byers's 2016 Motion was actually a second or successive 28 U.S.C. § 2255 motion. Pursuant to the 2016 Motion, Byers sought to collaterally attack his 2009 conviction, which our Court had affirmed in 2011. *See United States v. Byers*, 649 F.3d 197 (4th Cir. 2011). And that collateral attack was undertaken by Byers in spite of the fact that the district court had already adversely adjudicated his first § 2255 motion on the merits in September 2015. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) (recognizing "that a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition").

In these circumstances, however, because Byers did not first obtain authorization from our Court to file a second or successive § 2255 motion, the district court necessarily lacked jurisdiction to consider the 2016 Motion. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated on other grounds*, *United States v. McRae*, 793 F.3d

2

392 (4th Cir. 2015).[*] We thus "vacate the [court's] order[s] denying [Byers's 2016 Motion] and remand to the district court with [directions] to dismiss the [M]otion." *Id.* at 208.

Furthermore, consistent with our *Winestock* precedent, we hereby construe Byers's notice of appeal and appellate brief as an application to file a second or successive § 2255 motion. And upon consideration thereof, we readily conclude that Byers's claims fail to satisfy the relevant and applicable legal standard. *See* 28 U.S.C. § 2255(h).

Pursuant to the foregoing, we are satisfied to vacate the district court's orders denying Byers's 2016 Motion, and we remand with directions for the court to dismiss the 2016 Motion for lack of jurisdiction. *See Winestock*, 340 F.3d at 209. We are otherwise content to deny authorization for Byers to file a second or successive § 2255 motion.

*VACATED AND REMANDED*
*WITH DIRECTIONS*

---

[*] It is appropriate to observe that our Court had heretofore denied two requests by Byers — pursued under 28 U.S.C. § 2244 — seeking authorization to file a second or successive § 2255 petition. *See United States v. Byers*, No. 18-326 (4th Cir. Sept. 12, 2018), ECF No. 5; *United States v. Byers*, No. 21-292 (4th Cir. Dec. 6, 2021), ECF No. 6.

3